UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRADEN MAUER-BURNS,<br><br>                  Plaintiff,<br><br>    v.<br><br>LIVE NATION ENTERTAINMENT, INC., JOHN/JANE DOES 1-10, fictitious person; ABC CORP. 1-10, fictitious entities,<br><br>                  Defendants. | **NOTICE OF REMOVAL** |

**TO:   HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**

**ON NOTICE TO:**

    Mark R. Natale, Esq.
    Malamut & Associates, LLC
    457 Haddonfield Road, Suite 500
    Cherry Hill, New Jersey 08002

    Clerk
    Superior Court of New Jersey
    Burlington County
    49 Rancocas Road
    Mount Holly, New Jersey 08060

    Clerk
    Superior Court of New Jersey
    Hughes Justice Complex
    CN-971
    Trenton, New Jersey 08625

**HONORABLE JUDGES:**

        Defendant Live Nation Entertainment, Inc. d/b/a Live Nation ("Defendant" or "Live Nation") notices the removal of this action pursuant to 28 U.S.C. §1331, §1441 and § 1446 *et seq.*,

to the United States District Court for the District of New Jersey, and as grounds therefore show as follows:

## TIMELINESS OF REMOVAL

1. On April 4, 2023, Plaintiff Braden Mauer-Burns ("Plaintiff") filed a civil action against Defendant in the Superior Court of New Jersey, Burlington County, entitled *Braden Mauer-Burns v. Live Nation Entertainment*, Inc., *et. al.* Docket No. BUR-L-683-23 ("the State Court Action"). (*See Summons and Complaint*; true and correct copies of which are attached hereto as *Exhibit A*).

2. On October 12, 2023, Plaintiff served Defendant with a copy of the Summons and Complaint in the State Court Action.

3. Plaintiff's Complaint is the only pleading related to this matter.

4. As such, under 28 U.S.C. §§ 1446(a), 1447(b) and 1449, a copy of all pleadings, process, orders and other papers received by Defendant have been attached as *Exhibit A*.

5. This Notice of Removal has been timely filed within 30 days of valid service, pursuant to 28 U.S.C. §1446(b) and *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## VENUE

6. The Superior Court of New Jersey, Burlington County, is located in the District of New Jersey.

7. Therefore, venue for removal is proper because it is the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

**BASIS FOR REMOVAL**

8. As set forth below, the Court has original jurisdiction over this action under 28 U.S.C. §1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

9. A notice of removal need only include plausible allegations establishing the existence of federal jurisdiction and is not required to be supported by evidentiary submissions. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014).

10. For diversity purposes, an individual is a citizen of the state in which he or she is domiciled with the intent to remain. *See Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *See Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972). A person may only have one domicile, and, thus, may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

11. Based upon Plaintiff's Complaint, and upon information and belief, Plaintiff is an individual who currently resides in and is domiciled in Burlington County, New Jersey and is therefore, a citizen of New Jersey for purposes of 28 U.S.C. §1332.

12. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). A corporation's principal place of business is its "nerve center" – the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

13. Live Nation is a corporation organized and existing under the laws of the State of Delaware. It has its principal place of business in the State of California. Thus, Defendant is a citizen of Delaware and California for purposes of 28 U.S.C. §1332.

14. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, ***the citizenship of defendants sued under fictitious names shall be disregarded.***" 28 U.S.C. §1441(b)(1) (emphasis added); *see also Ortiz v. Richmond Elevator Co., Inc.*, No. 15–672 (CCC), 2015 WL 5945433, at *6 (D.N.J. Sept. 29, 2015) (*citing* 28 U.S.C. § 1441(b)(1)); *see also Harris v. Bristol–Myers Squibb Co.*, No. 11–6004 (FLW), 2012 WL 1243260, at *2 n.9 (D.N.J. Apr. 12, 2012) (holding that "the presence of fictitious defendants has no bearing on this Court's jurisdictional analysis" when diversity of citizenship is being addressed, and citing 28 U.S.C. § 1441(b)(1)); *Scott v. Dollar Tree Stores, Inc.*, No. CV 17-9168 (JLL), 2017 WL 6447872, at *3 (D.N.J. Dec. 18, 2017)(same).

15. Accordingly, diversity of citizenship, for purposes of 28 U.S.C. §1332, existed between all parties at the time Plaintiff commenced the State Court Action, and as of the time Defendant filed the Notice of Removal.

16. The amount in controversy requirement of 28 U.S.C. §1332 is also met, assuming the truth of the allegations in the Complaint and the validity of Plaintiff's claims.

17. Although Live Nation vehemently denies the allegations in the Complaint and contends that Plaintiff is not entitled to any recovery whatsoever, the only relevant question at this stage is whether Plaintiff's Complaint places in controversy an amount in excess of the amount specified by 28 *U.S.C.* §1332.

18. The Complaint filed by Plaintiff alleges discrimination in violation of New Jersey's Law Against Discrimination ("NJLAD").

19. Plaintiff demands judgment for compensatory damages, general and special damages, punitive damages, attorneys' fees, interest, cost of suit, attorneys' fees, and such further relief as the Court may deem just and equitable. (*See Complaint*, p. 4.)

20. According to a reasonable reading of the Complaint and a preponderance of the evidence, Plaintiff's demand, and the amount in controversy, is more than $75,000. *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

    a. *First*, Plaintiff seeks economic damages based on his allegations that as a result of his contract being terminated, he is entitled to be made whole for any pay he would have received had his contract not been terminated, including but not limited to lost and future lost earnings. (*See Complaint*, p. 2, ¶13, p.3, ¶4.)

    b. *Second*, Plaintiff seeks non-compensatory damages, which case law suggests alone can reasonably be anticipated to exceed the jurisdictional minimum. *See Clark v. J.C. Penney Corp.*, Civ. A. No. 08-4083, 2009 WL 1564175, at *4 (D.N.J. June 1, 2009) (noting that damages for pain and suffering "could be great [as] .... juries are basically unrestricted in their ability to award pain and suffering damages").

    c. *Third*, Plaintiff seeks attorneys' fees, which must be considered when determining whether the amount in controversy is met. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) (holding that "attorney's fees are necessarily part of the amount in controversy if such fees are available to successful plaintiffs under the statutory cause of action"); *Raspa v. The Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007) (stating that attorneys' fees "alone can exceed

six figures."). Because attorneys' fees are recoverable under the NJLAD, they are necessarily part of the amount in controversy.

        d.    *Fourth*, Plaintiff seeks punitive damages. "The Court must consider the plaintiffs' demand for punitive damages when calculating the amount in controversy and can aggregate these damages with the requested compensatory damages." *Goralski v. Shared Techs., Inc.*, Civ. A. No. 09-2461, 2009 WL 2460752, at *5 (D.N.J. Aug. 7, 2009); *see also Golden v. Golden*, 382 F.3d 348, 355 (3d. Cir. 2004), *abrogated on other grounds by Three Keys Ltd. v. SR Util. Holding Co*, 540 F.3d 220, 226 (3d Cir. 2008) (noting that jurisdictional amount in controversy may be satisfied on the basis that the complaint seeks punitive damages); *Raspa v. Home Depot*, 533 F.Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement.").

21.    Aggregating these amounts, as is appropriate for evaluating removal based on diversity jurisdiction, the amount in controversy exceeds the jurisdictional minimum of $75,000.00 exclusive of interest and costs.

22.    Accordingly, the grounds for diversity jurisdiction are satisfied, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

## **CONCLUSION**

23.    Defendant has heretofore sought no similar relief.

24.    To date, Defendant has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired in that action.

25.    By removing this matter, Defendant does not waive or intend to waive any defense it otherwise might possess.

26. In accordance with 28 U.S.C. §1446, copies of this Notice of Removal have been served upon Plaintiff and filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court in Burlington County, New Jersey.

**WHEREFORE**, Defendant Live Nation Entertainment, Inc. d/b/a Live Nation prays that this Honorable Court will take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, County of Burlington, to the United States District Court for the District of New Jersey.

Respectfully Submitted,

By: */s/ Christopher J. Capone, Esq.*
Christopher J. Capone
**FISHER & PHILLIPS LLP**
430 Mountain Ave., Suite 303
Murray Hill, NJ 07974
Tel: 908.516.1050
ccapone@fisherphillips.com
Attorneys for Defendant

Dated: November 6, 2023

## LOCAL CIVIL RULE 11.2 CERTIFICATION

  I, Christopher J. Capone, Esq., counsel for Defendant Live Nation Entertainment, Inc. d/b/a Live Nation certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding, and that no other action or arbitration is contemplated.

                By: */s/ Christopher J. Capone, Esq.*
                  Christopher J. Capone
                  **FISHER & PHILLIPS LLP**
                  430 Mountain Ave., Suite 303
                  Murray Hill, NJ 07974
                  Tel:  908.516.1050
                  ccapone@fisherphillips.com
                  Attorneys for Defendant

Dated:  November 6, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, the foregoing Notice of Removal was electronically filed with this Court. I also certify that on November 6, 2023, a true and correct copy of the foregoing Application was served via first-class mail, postage prepaid, upon:

Mark R. Natale, Esq.
Malamut & Associates, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002

Clerk
Superior Court of New Jersey
Burlington County
49 Rancocas Road
Mount Holly, New Jersey 08060

Clerk
Superior Court of New Jersey
Hughes Justice Complex
CN-971
Trenton, New Jersey 08625

By: /s/ Christopher J. Capone, Esq.
Christopher J. Capone
**FISHER & PHILLIPS LLP**
430 Mountain Ave., Suite 303
Murray Hill, NJ 07974
Tel: 908.516.1050
ccapone@fisherphillips.com
Attorneys for Defendant

# *EXHIBIT A*

**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale - 071292014
457 Haddonfield Road, Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

| | | |
|---|---|---|
| BRADEN MAURER-BURNS | : | SUPERIOR COURT OF NEW JERSEY |
| | : | BURLINGTON COUNTY |
| Plaintiff | : | |
| | : | |
| v. | : | *Civil Action* |
| | : | |
| LIVE NATION ENTERTAINMENT, INC. | : | **COMPLAINT, JURY DEMAND, AND** |
| d/b/a LIVE NATION; | : | **CERTIFICATIONS** |
| JOHN/ JANE DOES 1-10, | : | |
| fictitious persons; ABC CORP. | : | |
| 1-10, fictitious entities | : | |
| | : | |
| Defendants | : | |

Plaintiff, Braden Maurer-Burns, by and through his attorneys, Malamut & Associates, LLC, complaining of the defendants, deposes and says:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Braden Maurer-Burns is an adult individual who, at all times material hereto, resided in Burlington County, the State of New Jersey. At all relevant times, he owned a business that would regularly contract with the Defendant.

2. Defendant, Live Nation Entertainment, Inc. d/b/a Live Nation (hereinafter "Defendant" and/or "Live Nation") was, at all relevant times, a company that entered into contractual relationships with the Plaintiff and his business.

3. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed,

1

maintained, controlled, possessed, or are otherwise responsible for the actions of Defendant.

4. Venue for this action properly lies in Burlington County because it is the county where the Plaintiff resides.

## FIRST COUNT

5. Plaintiff repeats and realleges each allegation of the previous sections/counts as if fully set forth herein at length.

6. Plaintiff owned a company, Drag Diva LLC, which helped create and produce drag-related content and shows.

7. Plaintiff, as a gay man, was in a protected class under New Jersey's Law Against Discrimination.

8. Plaintiff would regularly contract with Defendant Live Nation to organize and produce drag-related content and shows.

9. These shows were a massive commercial success.

10. However, Defendant had a history of limiting the number of LGBT companies, acts, and performers with which it contracted.

11. Defendant illegally limited the number of LGBT companies with which it contracted, in violation of New Jersey Law Against Discrimination.

12. Defendant decided that it no longer wanted to contract with the Plaintiff, and instead wanted to replace him with another LGBT company / individual to produce the drag content.

13. Rather than work with both companies, like it would in other venues, Defendant limited the contractual relationships it would enter into because of a protected class.

14. The justification for not working with the Plaintiff any longer was unproven allegations of harassment and misconduct.

15. Defendant Live Nation has a history of working with performers who face similar accusations.

16. However, these performers are straight.

17. When Plaintiff faced these allegations, as a gay man, he was not held to the same standard.

18. Instead, he suffered differential treatment in his contractual relationships based on his sexual orientation, in violation of the Law Against Discrimination.

19. Defendant stopped contracting with the Plaintiff and his company.

20. Defendant's actions violated the Law Against Discrimination in two ways.

21. First, they improperly limited the number of LGBT businesses and content they would contract with.

22. Second, they treated Plaintiff differently from other contractors because of his sexual orientation.

23. The upper-level managers of Defendant knew or should have known about the discrimination, retaliation, and termination of the Plaintiff, and rather than stop it, allowed it to happen and participated in it.

24. Plaintiff suffered emotional distress, upset, and humiliation due to his wrongful termination.

25. Plaintiff suffered and continues to suffer financial loss due to his wrongful termination.

26. In addition, the financial loss contributes to Plaintiff's distress, upset, and humiliation.

3

27. Lastly, the intentional and malicious actions of the Defendant and Defendant's upper-level managers justify the imposition of punitive damages.

   **WHEREFORE**, the Plaintiff, Braden Maurer-Burns, demands judgment against the Defendants, Live Nation Entertainment, Inc. d/b/a Live Nation, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination; and any and all relief that the Court deems just and proper.

## **SECOND COUNT**

28. Plaintiff repeats and incorporates all previous facts in all previous paragraphs as if stated at length herein.

29. Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, are fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of the Defendants.

30. The Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted the Defendants in violating the Law Against Discrimination.

31. The Defendants, John/Jane Does 1-10 and ABC Corp., 1-10, were responsible for, or aided and abetted Defendants in discriminating against, retaliating against, and terminating the Plaintiff.

32. The Defendants, John/Jane Does 1-10 and ABC Corp. 1-10 are liable, jointly, severally, or in the alternative, to Plaintiff for damages stemming from his wrongful termination in

violation of New Jersey Law Against Discrimination including losses, damages, emotional distress, punitive damages, and attorney's fees.

**WHEREFORE**, the Plaintiff, Braden Mauer-Burns, demands judgment against the Defendants Live Nation Entertainment, Inc. d/b/a Live Nation, LLC, John Does 1-10, and ABC Companies 1-10, jointly, severally and in the alternative, for damages; losses; emotional harm, embarrassment and upset; psychological injuries; interest; costs; equitable relief; injunctive relief; reinstatement; attorneys' fees; costs of suit; experts' fees; punitive damages; any and all relief provided for by New Jersey's Law Against Discrimination; and any and all relief that the Court deems just and proper.

**MALAMUT & ASSOCIATES, LLC**

/s/ Mark R. Natale
Mark R. Natale, Esquire
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury of the within issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Mark R. Natale, Esquire as Trial Counsel.

## CERTIFICATION PURSUANT TO R.4:5-1

I certify that, to the best of my knowledge, the matter in controversy is not the subject matter of another action pending in any jurisdiction or any pending arbitration proceeding and no other action or arbitration proceeding is contemplated.  At the present time, I do not know the names of any other parties who should be joined in this action.

## DEMAND FOR INSURANCE INFORMATION

**PLEASE TAKE NOTICE** that pursuant to R. 4:10-2(b), Plaintiff hereby demands production of a copy of all insurance agreements under which the defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

        **MALAMUT & ASSOCIATES, LLC**

        /s/ Mark R. Natale
        Mark R. Natale, Esquire
        *Attorneys for Plaintiff*

Date: April 3, 2023

6

# Civil Case Information Statement

**Case Details: BURLINGTON | Civil Part Docket# L-000683-23**

**Case Caption:** MAURER-BURNS BRADEN VS LIVE NATION ENTERTAI NMEN
**Case Initiation Date:** 04/03/2023
**Attorney Name:** MARK R NATALE
**Firm Name:** MALAMUT & ASSOCIATES LLC
**Address:** 457 HADDONFIELD RD STE 500 CHERRY HILL NJ 08002
**Phone:** 8564241808
**Name of Party:** PLAINTIFF : MAURER-BURNS, BRADEN
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO
**Are sexual abuse claims alleged by: BRADEN MAURER-BURNS?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO
**If yes, is that relationship:**
**Does the statute governing this case provide for payment of fees by the losing party?** YES
**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/03/2023
Dated

/s/ MARK R NATALE
Signed

| | |
|---|---|
| BRADEN MAURER-BURNS | Plaintiff |
| vs | |
| LIVE NATION ENTERTAINMENT, INC. D/B/A LIVE NATION, ET AL | Defendant |

20231012104621

Superior Court Of New Jersey

BURLINGTON Venue

Docket Number: BUR L 683 23

**Person to be served** (Name and Address):
LIVE NATION ENTERTAINMENT, INC. D/B/A LIVE NATION
181 NEW ROAD  #304
PARSIPPANY  NJ  07054
**By serving:**  CORPORATION CREATIONS NETWORK, INC.

**Attorney:** MARK R. NATALE, ESQ.

**Papers Served:** SUMMONS AND COMPLAINT, CIS, CERTIFICATION, DEMAND

**Service Data:**    [X] Served Successfully    [ ] Not Served

 Date/Time:    10/12/2023 11:16 AM    _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

# AFFIDAVIT OF SERVICE
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

SUE. BOYLE_____

PERSON AUTHORIZED TO ACCEPT SERVICE

**Description of Person Accepting Service:**

SEX: F    AGE: 36-50    HEIGHT: 5'4"-5'8"    WEIGHT: 131-160 LBS.    SKIN: WHITE    HAIR: BLONDE    OTHER: _____

**Unserved:**
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:
    Date/Time: _____
    Date/Time: _____
    Date/Time: _____

Other:

**To Be Used Where Electronic Signature Not Available**
Served Data:
Subscribed and Sworn to me this

_____day of _____, 20 _____

Notary Signature:_____

_____   _____
Name of Notary                  Commission Expiration

**Docusign Court Approved E-Signature**

I, NICHOLAS CIULLO,
was at the time of service a competent adult, over the age of 18 and not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

*NICHOLAS CIULLO*
_____   10/12/2023
Signature of Process Server           Date

Name of Private Server: NICHOLAS CIULLO  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952